# Cummins, Appellant, *v.* Smith & Furbush Machine. Company.

*Negligence—Master and servant—Tools and appliances.*

In an action by an employee against his employer to recover damages for personal injuries judgment n. o. v. for defendant is properly entered, where the evidence shows that the plaintiff, an experienced workman, was injured while working at a vise; that the vise was an ordinary appliance, with no complicated parts, but with the face of its jaws threaded or roughened so as to firmly clutch the object held; that at the time the accident occurred the thread on the jaws had become worn; that the plaintiff inserted a cap between the jaws and tightened them by turning the lever, and while doing so the cap slipped so as to release the lever which flew around and struck him; that both plaintiff and defendant knew of the worn surface of the jaws of the vise, but that while plaintiff had made complaints of its worn condition, he continued to use it for several weeks after the accident without further accident or complaint.

Argued Oct. 16, 1916. Appeal, No. 81, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 1615, for defendant n. o. v. in case of Elizabeth Cummins, Executrix of John Cummins, deceased, v. Smith & Furbush Machine Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $1,075. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frederick C. Brunhouse,* for appellant.—It is the duty of the employer to furnish his employees with reasonably safe tools and appliances with which to do the work assigned to them, and to know that the tools and appliances so furnished are suitable and in common use for the purpose and to keep them in a reasonably safe condition. This is a continuing obligation and calls for proper and timely inspection to discover defects: Bier v. Standard Mfg. Co., 130 Pa. 446; Bannon v. Lutz, 158 Pa. 166; Wilkinson v. Evans, 34 Pa. Superior Ct. 472; Ready v. Smith & Furbush Machine Company, 51 Pa. Superior Ct. 294; Garrison v. Armstrong & Co., 248 Pa. 402; Protosenia v. Brothers Valley Coal Co., 251 Pa. 175.

The rule that an employee is guilty of contributory negligence or assumes the risk of his employment, where he knowingly continues to work with a tool that is defective, does not apply, where the defect grows out of the want of ordinary care on the part of the employer in providing and maintaining reasonably safe tools, and the defect is not so dangerous that a man of ordinary prudence would assume it, and where he has made complaint and at the request of the employer he continues to use it or is assured that it would be remedied: Bannon v. Lutz, 158 Pa. 166; Hartman v. Reading Wood Pulley Co., 38 Pa. Superior Ct. 587; Meade v. Pittsburgh Railways Co., 223 Pa. 145; Glew v. Pittsburgh Rys. Co., 234 Pa. 238.

*Henry Spalding,* of *Fell & Spalding,* for appellee.— Cummings was an experienced workman and fully understood and appreciated whatever dangers were connected with his employment; and his voluntary acceptance of that risk, under no promise from his employer, is a bar to any recovery: Marean v. New York, Susquehanna, Etc., R. R. Co., 167 Pa. 220; Nuss v. Rafsnyder, 178 Pa. 397; Talbot v. Sims, 213 Pa. 1; Jones v. Burnham, 217 Pa. 286; Byers v. Youghiogheny, Etc., Coal Co., 230 Pa.

10; Ignash v. Murphy Co., 249 Pa. 223; Helfenbein v.
Wohlfeld, 235 Pa. 302; Crimmins v. Farquhar, 250 Pa.
569; Clader v. Gangewere, 63 Pa. Superior Ct. 174.

OPINION BY ORLADY, P. J., December 18, 1916:

John Cummins, the plaintiff, while engaged in work
at a vise, received injuries which it is alleged resulted in
his death. His testimony was taken in a deposition, and
his description of the tool with which he was working
and the manner in which he received his injuries were
confirmed by other employees. The vise was an ordinary
appliance, having no unusual or complicated parts, the
face of the jaws being threaded or roughened so as to
firmly clutch the object held, and the grip on the object
was controlled by the operator by means of a handle at-
tached to a screw. The only power applied was the
operator's own strength.

At the time the accident occurred the threads or rough-
ened surface on the face of the jaws had become worn
through use, and when the plaintiff inserted a cap be-
tween the jaws and tightened them by turning the lever
the cap slipped and turned, so as to release the lever,
which flew around and the end of it struck him in the
stomach. It was shown that the employer and the em-
ployee knew of the worn surface of the jaws of the vise.
The plaintiff was an experienced operator as a vise hand,
and for a number of years had used this vise without ob-
jection. While he had made complaints of its worn con-
dition, he continued to use it for several weeks after the
accident without further accident or complaint.

His right to recover depends upon the undisputed facts
of the case. While he was familiar with the tool and
knew of the worn condition of the jaws, he also knew
that by care an object could be safely held between
the jaws, and this is confirmed by his continued
use of the tool after this accident. The slipping of an
object between the jaws would be due entirely to an in-
correct adjustment of the object to the line of the jaws,

and this was entirely within the control of the operator. His years of experience must necessarily have taught him the hazard of an improper adjustment. There was no imminent danger or no special risk if the object was properly placed, so as to be safely gripped; and his continuing to use it, as an experienced operator, can have no other meaning than that he believed it to be a reasonably safe tool. His judgment in regard to its safety was as trustworthy a guide as that of his employer, and what happened should have been reasonably anticipated under the circumstances. No part of the tool was misplaced or broken, and the danger was one he knew of and faced every time he closed the jaws of the vise by an inaccurate adjustment, so that he took the chance and assumed the risk of being injured when he used the tool without due care.

From the undisputed testimony of the case, it could not be said that the tool was defective or dangerous if properly operated, and all witnesses agreed that the worn ridges on the jaws of the vise would be expected in the continuing use of such a tool. There is lacking in this case any direction on the part of the employer to the employee to use an admittedly dangerous tool or appliance, and there was the added and well-known danger of a worn vise-face, which was an apparent fact requiring additional precaution by the operator.

After a careful review of all the evidence in the case, we are satisfied that the judgment non obstante veredicto was properly entered, and it is now affirmed.